# Elderton State Bank, Appellant, *v.* Citizens Insurance Agency and Mortgage Company.

*Agency—Scope of employment—Liability of principal.*

In an action of assumpsit on a promissory note, the evidence established that a stock salesman for the defendant company sold stock and a note in payment of the same. The salesman then assigned the note to the plaintiff bank and guaranteed payment of the same at maturity, in the name of the defendant company, without any authority from it or without its knowledge. The agent paid the money to the defendant company who issued stock for the same. The note was not paid at maturity and the plaintiff bank instituted suit on the guarantee signed by the agent, which was the first notice to the defendant company that the note or any assignment or guarantee was in existence.

Under such circumstances a non-suit was properly entered.

The defendant was not bound by the actions of its agent, who was acting outside the scope of his authority.

Argued April 22, 1925.    Appeal No. 16, April T., 1925, by plaintiff from order and decree of C. P. Butler County, March T., 1923, No. 9, refusing to strike off compulsory non-suit in the case of Elderton State Bank of Elderton, Pa., v. Citizens Insurance Agency and Mortgage Company.  Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit on judgment note.  Before BOUTON, P. J., Forty-eighth Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The court ordered a compulsory non-suit which it subsequently refused to strike off.  Plaintiff appealed.

*Error assigned* was the order and decree of the court.

*James O. Campbell,* and with him *J. Campbell Brandon,* of *Brandon & Brandon,* and *H. A. Heilman,* for appellant.

*Zeno F. Henninger,* and with him *Thomas H. Greer,* for appellee.

Opinion by Trexler, J., July 9, 1925:

Lawrence W. Leeper was a salesman for the defendant company. His duties were to sell capital stock of the company. He sold some to J. T. Robb who executed a judgment note in favor of the defendant for two thousand forty dollars part payment for the stock. Leeper did not turn in the note to the company but executed the following assignment: ''For value received, I hereby assign the within note to Elderton State Bank, Elderton, Pa., and guarantee the payment of same at maturity. In default of payment when due I empower any attorney of any court of record to confess judgment against me for the sum named in this note, together with five per cent attorney's commission consenting to the within waivers. Citizens Insurance Agency and Mortgage Co., Butler, Pa., by Lawrence W. Leeper.'' The bank then issued a certificate of deposit for one thousand dollars payable to the Citizens Insurance Agency and Mortgage Company and placed the remainder, one thousand and forty dollars, to the credit of ''the Citizens Insurance Agency and Mortgage Company, by A. L. Hepler, treasurer.'' The suit is brought against the defendant upon the guarantee which accompanied the assignment. It does not appear anywhere on the record that any officer of the defendant company had any knowledge that the note in question was taken for the stock or that it had been turned over to the bank. The only duties that Leeper was to perform were to sell the stock and hand the proceeds over to defendant company. The theory of the plaintiff is that as the defendant received the proceeds of the assignment of the note to the bank, it cannot now deny the authority of its agent. It is true

that as a general proposition where one makes a contract as agent the principal cannot retain the benefit of the agent's act and at the same time disaffirm it. Taking the proceeds is a ratification and had the assignment and guarantee been directly involved in the sale of the stock to Robb, the principle which plaintiff invokes would seem to apply but in this case when Leeper made the sale of the stock and took the note in question together with the balance of the purchase price thereof in cash that transaction was ended. He had no authority to do anything further in regard to the matter, at least, it does not appear that he had and the taking of the note and the assigning of it to the bank was an entirely distinct transaction unauthorized by the company of which it had no notice. Even the opening of the account in the State Bank was without the knowledge of the defendant company. There is absolutely no evidence that the defendant company ever ratified or approved this added transaction. The guarantee was entirely independent of the stock sale to Robb. The company, even if it received the cash for the stock through the account which was credited to it in the Elderton State Bank, was not bound with the knowledge that some other matter was involved, which would make it liable on a contract of guarantee. After Leeper sold the stock to Robb in no aspect of the case was he clothed with authority to go and involve the company for which he worked in additional engagements with other parties not purchasers of the stock. The authority to sell stock cannot, by implication, be extended to embrace the right to guarantee a judgment note to a third party.

The judgment is affirmed.